*Medina v. Stevens*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL
> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

CARIDAD MEDINA, Individually and as Parent and Natural Guardian of B.S. and A.S., Douglass Smalls, Briana Spencer,

*Plaintiffs-Appellants*,

v.                                                                  No. 24-2968

DETECTIVE BRIAN STEVENS,*

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

*Defendant-Appellee.*

_____

| | |
|---|---|
| **For Plaintiff-Appellants:** | Alexandra R. Klein, Barker Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY. |
| **For Defendant-Appellee:** | Arlene S. Zwilling, Assistant County Attorney, *on behalf of* Christopher J. Clayton, Suffolk County Attorney, Hauppauge, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 10, 2024 judgment of the district court is **AFFIRMED**.

Caridad Medina[1], Douglass Smalls, and Briana Spencer ("Plaintiffs") appeal from the district court's grant of summary judgment on their claim that Detective Brian Stevens violated their civil rights when he secured a search warrant of their home without differentiating between their apartment and the apartment of their suspected drug-dealing neighbor, Jimmy Betts. We assume the parties' familiarity

_____

[1] Medina also purports to proceed in a representative capacity on behalf of her children, A.S. and B.S.

2

with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted, and drawing all reasonable inferences in that party's favor. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 168–69 (2d Cir. 2006). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

I. **The District Court Did Not Err in Granting Summary Judgment Because the Search Warrant Was Supported by Probable Cause.**

The Fourth Amendment protects against "unreasonable searches," and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." In evaluating whether probable cause exists for the issuance of a search warrant, "a judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him," there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015). We accord "substantial deference to the finding of an issuing judicial officer that

3

probable cause exists," and review only for whether the judge "had a substantial basis" for his determination. *Id.* (internal quotation marks omitted). For this reason, a search that is conducted "pursuant to a warrant issued by a neutral magistrate is presumed" not to violate the Fourth Amendment. *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007).

A plaintiff may challenge a judge's determination of probable cause on the basis of an affidavit submitted by law enforcement officers by "mak[ing] a 'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit," and "that the allegedly false statement was 'necessary to the finding of probable cause.'" *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). To do so, the plaintiff must establish that the omissions were "designed to mislead" or "made in reckless disregard of whether they would mislead." *United States v. Rajaratnam*, 719 F.3d 139, 154 (2d Cir. 2013). Errors in an affidavit or misstatements caused by "negligence or innocent mistake" are insufficient to establish reckless disregard. *Franks*, 438 U.S. at 171; *see also Velardi v. Walsh*, 40 F.3d 569, 576 n.3 (2d Cir. 1994).

Plaintiffs argue that we should not presume the reasonableness of the search at issue here – even though a judge authorized that search as to the entire premises – because Detective Stevens's affidavit, submitted in support of the issuance of the search warrant, was "littered with reckless and material misstatements and omissions" about the search premises. Appellants' Br. at 18–20. In particular, Plaintiffs fault Stevens for suggesting that the "entire premises" at 38 Clifford Court were being used to sell drugs, without differentiating between the two apartments – 38A and 38B – located at that address. But while ample evidence demonstrated that Betts was selling narcotics from the residence at 38 Clifford Court, nothing in the record suggests that Stevens *knew*, or had reason to know, that drugs were being stored in only a portion of the premises. To the contrary, Stevens stated in his affidavit that law enforcement officers twice observed a man exit 38 Clifford Court and engage in a "hand to hand transaction" before reentering the house "through the front door," which was the entrance to Apartment 38B, where Plaintiffs resided. J. App'x at 99–100. He further stated during his deposition that he did not know which apartment Betts lived in, whether Betts had access to both apartments, or whether the two apartments were interconnected. *Id.* at 329.

5

We have long recognized that once a law enforcement officer has a reasonable basis for believing there is probable cause, he is "not required to explore and eliminate every theoretically plausible claim" to the contrary. *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006). Since Stevens's investigation established a "sufficient nexus between the criminal activities alleged and the place to be searched," *United States v. Silva*, 146 F.4th 183, 189 (2d Cir. 2025) (alterations accepted and internal quotation marks omitted), and since Plaintiffs have adduced no evidence that Stevens intentionally lied, purposefully withheld, or recklessly omitted facts from the judge who signed off on the warrant, we agree with the district court that there was probable cause to search the entirety of 38 Clifford Court. Accordingly, we find no error in the district court's grant of summary judgment in favor of Stevens.

## II. The Length of Stevens' Presence Was Reasonable.

Plaintiffs also contend that Stevens violated their Fourth Amendment rights by remaining in their apartment for "approximately ten to fifteen minutes" after Medina told officers that Betts, the target of the search warrant, lived downstairs. Appellants' Br. at 34. But because there was probable cause to believe that drugs were being stored at 38 Clifford Court, and because the record is clear that Stevens

had no prior knowledge as to whether the two apartments were accessible to Betts, we cannot say that it was unreasonable for Stevens to remain in Apartment 38B for an additional fifteen minutes to complete his investigation.

*      *      *

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court